IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY RAY MAPP, # 324498, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:20-CV-1067-WKW-CSC |
| ) | [WO] |
| JAMES BRAZIER, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 23, 2020, Petitioner, who at the time was incarcerated in the Houston County Jail, filed a document seeking relief properly sought in a 28 U.S.C. § 2254 petition for writ of habeas corpus. Doc. # 1. Petitioner challenged the Alabama Department of Corrections' ("ADOC") calculation of his jail credit and the end-of-sentence date for his state conviction. But Petitioner did not submit the $5.00 filing fee for a habeas action, nor did he apply to proceed *in forma pauperis*. This court therefore entered an order directing Petitioner to either submit the $5.00 filing fee or file an application to proceed *in forma pauperis*. Doc. # 2. The court's order advised Petitioner that his application to proceed *in forma pauperis* must include an account statement from the account clerk at the Houston County Jail containing the account clerk's certified statement of the balance in Petitioner's jail account when he filed his petition. *Id.* at 2. The court specifically cautioned Petitioner that his

failure to comply with its order would result in a recommendation that his case be dismissed. *Id.*

On January 8, 2021, Petitioner submitted an application to proceed *in forma pauperis* (Doc. # 3) but he failed to include an account statement from the account clerk at the Houston County Jail regarding the balance in Petitioner's jail account when he filed his petition.  Consequently, on January 11, 2021, the court entered an order directing Petitioner to submit the account statement from the account clerk at the Houston County Jail regarding the balance in his jail account by January 25, 2021, or submit the $5.00 filing fee by that same date.  Doc. # 4.  The court again specifically cautioned Petitioner that his failure to comply with its order would result in a recommendation that his case be dismissed.  *Id.* at 2.

The requisite time has passed, and Petitioner has failed to comply with the court's order of January 11, 2021, by either submitting an account statement from the account clerk at the Houston County Jail regarding the balance in his jail account or submitting the $5.00 filing fee.[1]  Consequently, the court concludes dismissal of this case without prejudice is appropriate.  *See Moon v. Newsome*, 863 F.2d 835, 837

---

[1] The mail with the court's order of January 11, 2021, was returned marked "Not Deliverable; Unable to Forward." Petitioner has not notified the court of a change in his address, and the Petitioner is not currently listed as a state inmate on ADOC's website.

(11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice because Petitioner has failed to comply with the court's orders that he either submit an account statement from the account clerk at the Houston County Jail or submit the $5.00 filing fee.

It is further

ORDERED that the parties shall file any objections to this Recommendation by February 23, 2021.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*).  See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 9th day of Februay, 2021.

        /s/ Charles S. Coody
       CHARLES S. COODY
       UNITED STATES MAGISTRATE JUDGE